UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG YIL JO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIX UNKNOWN AGENTS, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01844-LJO-SAB (PC)<br><br>ORDER FINDING PLAINTIFF ACTED IN BAD FAITH AND IMPOSING MONETARY SANCTIONS IN THE AMOUNT OF $200.00 ON PLAINTIFF<br><br>(ECF No. 1)<br><br>FORTY-FIVE DAY DEADLINE |

　　　　Plaintiff Young Yil Jo is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983, filed on November 13, 2013.  Plaintiff is currently in the custody of the Etowah County Jail in Gadsden, Alabama.

　　　　To date, Plaintiff Young Yil Jo has filed over one-hundred fifty civil cases in this district.  The complaint filed in this action is not signed and it sets forth no intelligible claims for relief, and fails to state any cognizable claims under federal law.  Ashcroft v. Iqbal, 556 U.S. 662, 677-668 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Federal courts, as all courts, are for the serious presentation of cases in which litigants wish to have their matters heard.  Plaintiff is not one who takes his claim with any serious indication that he intends to pursue a righteous claim.

　　　　On June 12, 2013, the Court issued an order finding that Plaintiff acted in bad faith and imposed monetary sanctions in the amount of $100.00 in a separate frivolous complaint filed by Plaintiff in Young Yil Jo v. Six Unknown Names Agents in case number 1:13-cv-00837-AWI-SAB,

1  ECF No. 2.  The Court cited to a previous frivolous complaint filed by Plaintiff in Pak v. Six
2  Unknown Names Agent in case number 1:13-cv-00750-AWI-SAB, in which Plaintiff was forewarned
3  that monetary sanctions would be imposed for filing frivolous complaints.
4          The Court also issued a findings and recommendations, in case number 1:13-cv-00837-AWI-
5  SAB, recommending to dismiss the action with prejudice as frivolous.  (Id., ECF No. 3.)  The findings
6  and recommendations were adopted in full on August 21, 2013, and the action was dismissed.
7          Plaintiff has previously been informed on numerous occasions that he may be monetarily
8  sanctions for filing frivolous claims without basis in law or fact.  See 1:13-cv-00750-AWI-SAB, ECF
9  No. 2 ("Plaintiff is further forewarned that filing a complaint based upon facts and law that have no
10 reasonable basis may result in further sanctions, including but not limited to an order to pay a penalty
11 to the Court."), 1:13-cv-00837-AWI-SAB, ECF No. 2.  Plaintiff failed to heed the Court's warning
12 and filed this similar frivolous claim.
13         This Court has inherent power to sanction parties or their attorneys for improper conduct.
14 Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752,
15 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  The imposition of sanctions under the
16 Court's inherent authority is discretionary.  Air Separation, Inc. v. Underwriters at Lloyd's of London,
17 45 F.3d 288, 291 (9th Cir. 1995).  A court's inherent powers "are governed not by rule or statue but by
18 the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and
19 expeditious disposition of cases."  Chambers, 501 U.S. at 43.  Such inherent power "is not a broad
20 reservoir of power, ready at an imperial hand, but a limited source; and implied power squeezed from
21 the need to make the court function."  Id. at 42.  "Because inherent powers are shielded from direct
22 democratic controls, they must be exercised with restraint and discretion."  Roadway Express, Inc.,
23 447 U.S. at 764.
24         The Court's "inherent power 'extends to a full range of litigation abuses."  Fink, 239 F.3d at
25 992 (quoting Chambers, 501 U.S. at 46-47.)  However, in order to sanction a litigant under the Court's
26 inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad
27 faith."  Fink, 239 F.3d at 994.  Although mere recklessness is insufficient to support sanctions under
28 the Court's inherent powers, "recklessness when combined with an additional factor such as

frivolousness, harassment, or an improper purpose" is sufficient.  <u>Id.</u> at 993-994.  A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or nonfrivolous argument or objection."  <u>Id.</u> at 992.

Here, Plaintiff's constant bad faith filings requires members of the clerk's office who are limited in staffing with increased responsibilities due to budget constraints, to process plaintiff's numerous frivolous filings.  Further, Plaintiff's claim delays this Court from addressing matters brought in federal court in good faith.  The entire Court's time is better spent addressing matters brought in good faith.  <u>See</u> <u>Snyder v. I.R.S.</u>, 596 F.Supp. 240, 252 (N. D. Ind. 1984) ("[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be tolerated.").  Similarly, Plaintiff's constant frivolously filings will not be tolerated.

Accordingly, the Court finds that Plaintiff filed this complaint in bad faith without any basis in law or fact.  Plaintiff received notice in this Court's previous findings and recommendations that the filing of such complaints may result in monetary sanctions.
Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff is assessed monetary sanctions in the amount of $200.00 for filing a frivolous claim in bad faith;
2. The sanction amount shall be paid to the Court within forty-five (45) days from the date of service of this order; and
3. The failure to pay the sanction in accordance with this order may result in the imposition of additional sanctions.

IT IS SO ORDERED.

Dated:  **November 14, 2013**

UNITED STATES MAGISTRATE JUDGE